WARD, Judge.
Plaintiffs, Cheryl and Samuel Williams, appeal a trial court judgment which sustained Dr. David A. Golden’s exception of prematurity. This judgment was based on the trial court’s finding that Dr. Golden was covered by the Louisiana Medical Malpractice Act. If this finding is correct then the trial court correctly ruled that the suit was premature because the *714 Louisiana Medical Malpractice Act requires that plaintiffs must first submit claims for medical malpractice to a panel of medical experts before they can file a lawsuit in district court. We reverse, because & health care provider who is not covered by the Louisiana Medical Malpractice Act (“the Act”) at the time a claim is made is not entitled to the benefits of the Act.
Dr. Golden argues that if he was covered by the Act as a qualified health care provider at the time the alleged malpractice occurred, he is entitled to the benefits of the Act, even if he was not covered at the time the claim was made.
That Act which established a victim’s compensation fund does not provide compensation for the first $100,000 of malpractice damages, and at the time the alleged malpractice occurred, St. Paul Insurance Company insured Dr. Golden for the first $100,000 of damages, damages not covered by the Fund. That insurance coverage was provided by a “claims made” policy, covering only those risks for which a claim was made during the existence of the policy. The policy terminated May 28, 1986.
On September 29, 1986, the plaintiffs filed a malpractice claim against Dr. Golden with the Commissioner of Insurance pursuant to the Act. Dr. Golden concedes that at the time the claim was filed, he was not a qualified health care provider under the Act because he neither deposited security for the first $100,000 nor did he procure the required primary underlying insurance, and he did not pay a surcharge to obtain qualification, as required under Section 1299.42(A) of the Act.
After plaintiffs filed their claim with the Commissioner of Insurance, the Commissioner informed Dr. Golden that he was not qualified under the Medical Malpractice Act because he was not a qualified health care provider on the date that the claim was filed against him. Plaintiffs timely filed suit in district court on September 2.
We reverse the trial court’s judgment sustaining Dr. Golden’s Exception of Prematurity, and allow plaintiffs to proceed with the instant lawsuit. Dr. Golden is not covered by the act.
Qualification and hence coverage under the Act is determined by Section 40:1299.-42(E). The Louisiana Supreme Court has held a health care provider’s proof of financial responsibility and, hence, their qualification under Section 1299.42 is effective only for “the same period and following the same form” as their filed policy of malpractice liability insurance.
Any lapse in the malpractice liability insurance policy filed as proof of financial responsibility, through either its effective period or its form (occurrence or claims-made), renders the health care provider unqualified during the period of the lapse. Abate v. Healthcare International, Inc., 560 So.2d 812, 817 (La.1990).
In this case, at the time plaintiffs allege the malpractice occurred, Dr. Golden’s “claims made” policy did not provide coverage for “occurrences”, and when his primary insurance for $100,000 underlying coverage for “claims made” lapsed before any claim was made, then he was not covered by any underlying insurance. Therefore, Doctor Golden cannot now claim the benefits of the Act because coverage is required both at the time of the alleged malpractice and at the time a claim is made, and Dr. Golden’s policy did not meet the statutory requirement of both the same period and the same form.
We also agree with the Louisiana Court of Appeal, Fifth Circuit, which recently rendered a decision directly on point. Clark v. Ransom, 595 So.2d 710 (La.App. 5th Cir.), writ denied, 597 So.2d 1028 (La.1992). In Clark, the defendant health care provider, Dr. Ransom, was a qualified health care provider with underlying “claims made” insurance on the date of his alleged malpractice, but he was not qualified under the Act at the time the claim was filed against him. Id. at 711. The Fifth Circuit held that Dr. Ransom was not covered under the Medical Malpractice Act because he was not qualified under the Act at the time the claim was made. Id. at 712. The Court stated:
This result is reached because the health care provider was insured by a “claims made” policy, covering only *715 claims made during the policy period, rather than an “occurrence” policy, covering tortious conduct which occurs during the policy period, and the Act ties qualification thereunder to the form of the insurance policy. Id. at 712-713.
Cf. LSA-R.S. 40:1299.45(A)(1); 40-1299.-41(D); Abate, supra.
Moreover, Dr. Golden is attempting to obtain the benefits of the Act for a' period when he was not a qualified health care provider under the Act for another reason. When the plaintiff filed suit and he had not paid the required surcharge to obtain qualification, the compensation fund certainly should not be exposed to liability for claims when it does not receive payment directed by the Act.
For the foregoing reasons, we hold that the Trial Court erred in maintaining Dr. Golden’s Exception of Prematurity. The judgment of the Trial Court is reversed, and the defendant’s Exception of Prematurity is dismissed.
REVERSED.